## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ROBERTO DELEON, JR, §  | **No.** 3:14-cv-1814 |
| §  | |
| Plaintiff, §  | |
| §  | |
| v. §  | |
| §  | |
| GC SERVICES, LP, §  | |
| §  | |
| Defendant. §  | |
| §  | |

## PLAINTIFF'S COMPLAINT

ROBERTO DELEON, JR (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges

the following against GC SERVICES, LP (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692*et*

   *seq.* (FDCPA).

2. Defendant acted through its agents, em    ployees, officers, m  embers, directors, heirs,

   successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to   15 U.S.C. 1692k(d), which states that such

   actions m ay be brought and heard before "any    appropriate United States district court

   without regard to the amount in controversy."

4. Defendant conducts business in the state of Te xas, and therefore, personal jurisdiction is

   established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.  Plaintiff is a natural person residing in Garland, Dallas County, Texas.

7.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.  Defendant is an alleged debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a national debt collection company with its main office located in Houston, Texas and it conducts business in Texas.

## FACTUAL ALLEGATIONS

10. Defendant placed telephone calls to Plaintiff to collect an alleged debt owed to Chase bank.

11. Plaintiff's alleged debt arises from transactions for personal, family, and/or household purposes.

12. In or around April of 2014, Defendant placed a collection call to Plaintiff and left a voicemail message.

13. In the voicemail message, Defendant's representative, "Carlos," failed to disclose the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt. *See* Transcibed Voicemail Message attached hereto as Exhibit "A."

14. In the voicemail message, Defendant's representative, "Carlos," directed Plaintiff to return the call to 866-391-0768 extension 5073, which is a number that belongs to Defendant. *See* Exhibit "A."

15. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to

collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a.   Defendant violated §1692d of the FDCP A by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

    b.   Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity.

    c.   Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of the debt;

    d.   Defendant violated § 1692e(10) of the FDCPA by using deceptive m eans in an attempt to collect a debt;

    e.   Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, ROBERTO DELEON, JR., respectfully requests judgm ent entered against Defendant, GC SERVICES, LP for the following:

17. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

19. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY                SUBMITTED,

Dated: May 16, 2014                    By:/s/ Ryan S. Lee
                                       Ryan S. Lee
                                       Krohn & Moss, Ltd
                                       10474 Santa Monica Blvd.
                                Suite          405
                                       Los Angeles, CA 90025
                                       (323) 988-2400 x241
                                       (866) 861-1390 (fax)
                                Em          ail: rlee@consumerlawcenter.com